United States District Court
Southern District of Texas

**ENTERED**

July 16, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ERNESTO CHOURIO CHACIN, | § § § | CIVIL ACTION NUMBER 4:26-cv-04967 |
| Petitioner, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, | § § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Petitioner Luis Ernesto Chourio Chacin filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 23, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but states that he was paroled into the country by immigration authorities and was later granted temporary protected status by virtue of his citizenship in Venezuela. Id at ¶¶26–27. He asserts that his recent re-detention violates (i) his prior grant of TPS under 8 USC §1254a, (ii) the Due Process Clause of the Fifth Amendment, and (iii) the Administrative Procedure Act. Id at ¶¶54–67.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending is a motion by the Government for summary judgment. Dkt 5. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Id at 2–3. It further

contends that Petitioner's arguments under due process and the APA fail on the merits. Id at 2–10.

The parties have subsequently stated their positions with respect to the decision and later action by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. See Dkts 6 & 9.

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit then issued a decision with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. On July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Ruz Fuente v Noem*, 2026 WL 1270531 (SD Tex): Holding that prior temporary protected status did not constitute "admission" under the INA, and that order in *National TPS Alliance v Noem*, 2025 WL 3539156 (ND Cal), purporting to declare termination of that status for Venezuelan nationals unlawful

violated stay by the Supreme Court and otherwise had no preclusive effect.

o *Garcia Tabon v Dickey*, 4:25-06145 (SD Tex, Jan 22, 2026): Dismissing a claim under the APA as foreclosed by 5 USC §704 given adequacy of habeas relief and otherwise relying on statutory interpretation rejected in *Buenrostro-Mendez*.

The arguments in the petition and reply brief raise only issues resolved to the contrary in the decisions cited above.

Beyond this, Petitioner admits on reply that his detention hasn't yet exceeded ninety days. See Dkt 6 at 9. His detention at present thus comports with due process, even as framed by the panel decision in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Luis Ernesto Chourio Chacin is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on  July 16, 2026  , at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3